IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID ANTWONE RICKS, #50903-177, MOVANT, | § § § § | |
| v. | § § | CASE NO. 3:17-CV-1946-N-BK (CRIMINAL NO. 3:15-CR-00501-N-1) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant David Antwone Ricks' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

   I.   BACKGROUND

In 2016, Ricks pled guilty to interference with commerce by robbery (four Hobbs Act robbery counts) and discharging a firearm in relation to the Hobbs Act robberies and was sentenced to total term of 190 months' imprisonment—70 months for the Hobbs Act robberies and a consecutive 120-month term for discharging a firearm—and a two-year term of supervised release. Crim. Doc. 88. He did not appeal, but subsequently filed the instant, timely, *pro se* Section 2255 motion on July 21, 2017. Doc. 1. Ricks asserts that his counsel was constitutionally ineffective in failing to challenge the residual-clause definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), based on *Johnson v. United States,* — U.S. —, 135 S. Ct. 2551 (2015), *Mathis v. United States,* — U.S. —, 136 S. Ct. 894 (2016), and the subsequent

decision in *Sessions v. Dimaya*, — U.S. —, 138 S. Ct. 1204 (2018).  Doc. 1 at 4; Doc. 2 at 4-8. The Government filed a response in opposition.  Doc. 5.  Although Ricks did not file a reply, the cases he cites are not relevant to his sentence and, as such, he is not entitled to relief.

## II.     ANALYSIS

In *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 2563 (2015), the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Subsequently, in *Welch v. United States*, — U.S. —, 136 S. Ct. 1257, 1268 (2016), the Supreme Court found *Johnson* retroactively applicable to cases on collateral review.  More recently, in *Sessions v. Dimaya*, — U.S. —, 138 S. Ct. 1204, 1223 (2018), the Court extended the *Johnson* holding to a similarly worded clause in 18 U.S.C. § 16's definition of crime of violence.  And while it is anticipated that the Supreme Court also will consider whether the residual clause of Section 924(c) is unconstitutionally vague in light of *Dimaya*, *see United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *cert. granted*, 139 S. Ct. 782 (2019), that issue is of no moment here since Ricks was not sentenced under Section 924(c)'s residual clause.

Ricks Section 924(c) conviction is predicated on Hobbs Act robberies, which qualify as crimes of violence under Section 924(c)(3)(A)'s elements clause, and not the residual clause found in Section 924(c)(3)(B).  *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, No. 18-7612, 2019 WL 358681 (U.S. Mar. 4, 2019) (holding that "binding circuit precedent forecloses [Defendant's] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A)" (citing *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017)); *Davis*, 903 F.3d at 485 ("Whatever arguments may be made for

opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence, *Dimaya* has not affected them, and therefore, they are foreclosed to us in light of *Buck*.").

As such, there is no merit to Ricks' challenge to his Section 924(c) conviction and any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to make a futile objection. *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness" (quotations and quoted case omitted)). Consequently, Ricks' claim of ineffective assistance of counsel fails on the merits.

### III. CONCLUSION

Ricks' Section 2255 Motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on April 2, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).